NO. 07-01-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY19, 2002

_____

MIGUEL LUCANO LUCERO, AKA MICHAEL LUCERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,7609-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a guilty plea for the offense of aggravated sexual assault of a child, appellant Miguel Lucano Lucero, aka Michael Lucero was granted deferred adjudication and placed on community supervision for five years. Upon the State's motion to proceed with an adjudication of guilt for violations of the conditions of community supervision, the

trial court granted the motion, adjudicated appellant guilty, and assessed punishment at 25 years confinement. Appellant filed a *pro se* notice of appeal in which he requested that new counsel be appointed. After an extension of time was granted, the clerk's record was due to be filed on February 12, 2002. By letter dated February 13, 2002, the trial court clerk notified this Court that she had not received an order from the trial court to prepare a record nor had she received payment nor an affidavit of inability to pay from appellant. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal; and
2. whether appellant is indigent and entitled to new appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a

supplemental clerk's record.  A supplemental reporter's record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, April 5, 2002.

It is so ordered.

Per Curiam

Do not publish.